Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted three previous popular names and ballot titles for similar measures, which I rejected in Opinions 99-198, 99-260 and 99-412 due to unresolved ambiguities in the text of each measure. You have made changes to the text of your measure and now present the following proposed popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT TO LIMIT THE SALARIES AND BENEFITS OF PUBLIC SERVANTS, TO REQUIRE THAT RETIREMENT FUNDS FOR PUBLIC SERVANTS BE KEPT IN SEGREGATED ACCOUNTS, TO PROVIDE PROCEDURES FOR THE RECOVERY OF ILLEGAL COMPENSATION OR EXPENDITURES, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION LIMITING THE SALARIES OF PUBLIC SERVANTS TO $100,000 PER YEAR, AND PROVIDING FOR FRINGE BENEFITS FOR ALL PUBLIC SERVANTS IN THE AMOUNT OF 25% OF DIRECT COMPENSATION; PROVIDING THAT THE TERM "PUBLIC SERVANTS" SHALL FOR PURPOSES OF THIS AMENDMENT MEAN ALL OFFICERS OR EMPLOYEES OF THE STATE OF ARKANSAS, ITS INSTITUTIONS, AGENCIES, OR SUBDIVISIONS, PAID IN WHOLE OR IN PART FROM STATE OR LOCAL TAXES, FEES, FINES, PENALTIES, TUITION, OR RENTS OF STATE OR LOCAL PROPERTY, BUT NOT PERSONS WHOSE COMPENSATION IS FIXED BY CONSTITUTIONAL AMENDMENT AS A PERCENTAGE OF THE NET SAVINGS TO THE PUBLIC TREASURY, AND/OR A PERCENTAGE OF THE NET PROFITS OF A STATE AGENCY; PROVIDING THAT PUBLIC SERVANTS WHO WORK LESS THAN 50 WEEKS OF ACTUAL WORK PER YEAR SHALL RECEIVE SALARY NOT TO EXCEED $2,000 PER FULL WEEK ACTUALLY WORKED; PROVIDING THAT PERSONAL SERVICES CONTRACTS SHALL NOT BE USED TO EVADE THE LIMITATIONS OF THIS AMENDMENT; PROVIDING THAT THE SALARY LIMITATIONS MAY BE INCREASED OR DECREASED BY POPULAR VOTE AT REGULARLY SCHEDULED STATEWIDE ELECTIONS, BY LEGISLATIVE REFERENDUM OR BY INITIATIVE; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO LIMIT THE PAYMENT OF ADDITIONAL SALARY OR BENEFITS TO PUBLIC SERVANTS, OUT OF CONTRIBUTIONS FROM THE PUBLIC DESIGNATED FOR THE PURPOSE OF SALARY ENHANCEMENT (SUBJECT TO ETHICAL CONSTRAINTS), NOR TO PROHIBIT PUBLIC SERVANTS FROM EARNING EXTRA MONEY IN PRIVATE SECTOR EMPLOYMENT, OUTSIDE THE NORMAL WORKING HOURS OF SAID PUBLIC SERVANT; PROVIDING THAT THE GENERAL ASSEMBLY MAY MAKE REASONABLE LAWS GOVERNING THE PAYMENT OF EXTRA SALARY, OR WORK OUTSIDE THE NORMAL WORKING HOURS OF A PUBLIC SERVANT, TO THE EXTENT NECESSARY TO PROTECT THE INTERESTS OF STATE GOVERNMENT; DEFINING "FRINGE BENEFITS" AS ALL PUBLIC FUNDS PAID FOR RETIREMENT PLANS OR ACCOUNTS (WHETHER OR NOT MANDATED BY LAW), PAY FOR HOLIDAYS, VACATIONS, OR SICK LEAVE; AND ALL OTHER BENEFITS PROVIDED TO OR FOR THE BENEFIT OF THE PUBLIC SERVANT, CALCULATED AT THE REASONABLE COST OF PROVIDING THE BENEFIT, BUT EXCLUDING UNPAID LEAVE OR BENEFITS PROVIDED PRIMARILY FOR THE BENEFIT OF THE EMPLOYER; PROVIDING THAT FRINGE BENEFITS SHALL NOT COUNT TOWARD ANY SALARY CAP; REQUIRING THAT ALL RETIREMENT ACCOUNTS OF PUBLIC SERVANTS WHO ELECT TO PARTICIPATE IN A RETIREMENT PLAN BE MAINTAINED ON AN ACTUARILY [SIC] SOUND BASIS IN SEGREGATED ACCOUNTS MAINTAINED FOR THAT PURPOSE; PROTECTING THE RIGHTS OF PUBLIC SERVANTS HOLDING RIGHTS IN RETIREMENT PLANS; PROVIDING THAT LESS THAN FULLY FUNDED RETIREMENT ACCOUNTS FOR PUBLIC SERVANTS BE FULLY FUNDED AS SOON AS POSSIBLE; PROVIDING THAT ALL RETIREMENT PLANS FOR STATE OR LOCAL PUBLIC SERVANTS HIRED AFTER JULY 1, 2001, SHALL BE MAINTAINED IN APPROVED PRIVATELY MANAGED RETIREMENT ACCOUNT(S) AS MAY BE CHOSEN BY THE PUBLIC SERVANT; PROVIDING THAT PUBLIC SERVANTS HIRED BEFORE JULY 1, 2001, SHALL HAVE THE OPTION OF PARTICIPATING IN A RETIREMENT PLAN MANAGED BY THE GOVERNMENT, OR TRANSFERRING THE VALUE OF THEIR RETIREMENT ACCOUNT TO A PRIVATELY MANAGED RETIREMENT SYSTEM; PROVIDING THAT ANY RESIDENT OF ANY CITY, COUNTY, TOWN, OR THE STATE OF ARKANSAS, OR ANY PERSON PAYING ANY PART OF ANY TAX TO SUCH ENTITY, WHETHER DIRECTLY OR INDIRECTLY, MAY MAINTAIN SUIT TO RECOVER BACK ANY ILLEGAL EXPENDITURES OF SUCH CITY, COUNTY, TOWN, OR THE STATE, AS THE CASE MAY BE; PROVIDING THAT THE STATUTE OF LIMITATIONS ON ALL SUCH ILLEGAL EXACTIONS SHALL BE FIVE YEARS; DEFINING, FOR PURPOSES OF THIS AMENDMENT, THE TERM "FUNDS" OR "EXPENDITURES" TO INCLUDE MONEY, GOODS, SERVICES, OR OTHER VALUABLE CONSIDERATION OBTAINED AT THE EXPENSE OF THE TREASURY OF THE AFFECTED PUBLIC ENTITY, WITH OR WITHOUT OFFICIAL APPROVAL, AND EXPRESSLY INCLUDING THEFT AS CONSTITUTING AN ILLEGAL EXACTION; PROVIDING FOR JOINT AND SEVERAL LIABILITY AGAINST ALL PERSONS OR ENTITIES WHO RECEIVED UNLAWFUL FINANCIAL OR PERSONAL BENEFIT, WHERE TWO OR MORE PERSONS ACT TOGETHER TO CAUSE AN ILLEGAL EXPENDITURE; PROVIDING THAT IN ALL CASES AGAINST ILLEGAL EXPENDITURES OF PUBLIC FUNDS, THE ATTORNEY REPRESENTING THE TAXPAYERS AND CITIZENS SHALL BE ENTITLED TO A REASONABLE ATTORNEY'S FEE, NOT LESS THAN 25% OF ANY COMMON FUND RECOVERED OR PRESERVED FOR THE TAXPAYERS, AND FURTHERMORE SUFFICIENT TO ENCOURAGE REPUTABLE ATTORNEYS TO TAKE SUCH CASES; PROVIDING THAT THE NAMED PLAINTIFF OR PLAINTIFFS WHO BROUGHT SUIT SHALL BE ENTITLED TO 5% OF ANY COMMON FUND RECOVERED; PROVIDING THAT THE RULES HEREIN CONCERNING LAWSUITS AGAINST ILLEGAL EXPENDITURES SHALL BE EFFECTIVE IMMEDIATELY AND CONTROL ANY ACTION BROUGHT TO JUDGMENT AFTER THE PASSAGE OF THIS AMENDMENT; PROVIDING THAT ANY OFFICER OR EMPLOYEE OF THE STATE OR ANY OF ITS AGENCIES, SCHOOL DISTRICTS, OR SUBDIVISIONS, MAKING UNLAWFUL PROFIT OUT OF PUBLIC MONEYS, OR USING THE SAME FOR ANY PURPOSE NOT AUTHORIZED BY LAW, SHALL BE PUNISHED AS MAY BE PROVIDED BY LAW, BUT THAT PART OF SUCH PUNISHMENT SHALL BE DISQUALIFICATION FROM THE HOLDING OF ANY PUBLICLY FUNDED EMPLOYMENT OR OFFICE WITHIN THIS STATE FOR A PERIOD OF FIVE YEARS; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THIS AMENDMENT SHALL NOT BE CONSTRUED OR ENFORCED SO AS TO VIOLATE THE US CONSTITUTION ART. 1, § 10 PROHIBITION OF THE IMPAIRMENT OF THE OBLIGATION OF CONTRACTS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JULY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT TO CAP THE SALARIES AND REGULATE THE BENEFITS OF PUBLIC SERVANTS, TO BEGIN THE PRIVATIZATION OF PUBLIC SERVANT RETIREMENT ACCOUNTS, TO MODIFY PROCEDURES GOVERNING LAWSUITS TO RECOVER ILLEGAL PUBLIC EXPENDITURES, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION LIMITING THE SALARIES OF PUBLIC SERVANTS TO $100,000 PER YEAR, AND PROVIDING FRINGE BENEFITS FOR ALL PUBLIC SERVANTS IN THE AMOUNT OF 25% OF DIRECT SALARY; DEFINING "PUBLIC SERVANTS" AS ALL OFFICERS OR EMPLOYEES OF THE STATE OF ARKANSAS, ITS INSTITUTIONS, AGENCIES, OR SUBDIVISIONS, PAID IN WHOLE OR IN PART FROM STATE OR LOCAL TAXES, FEES, FINES, PENALTIES, TUITION, OR RENTS OF STATE OR LOCAL PROPERTY, BUT NOT PERSONS WHOSE COMPENSATION IS FIXED BY CONSTITUTIONAL AMENDMENT AS A PERCENTAGE OF THE NET SAVINGS TO THE PUBLIC TREASURY, AND/OR A PERCENTAGE OF THE NET PROFITS OF A STATE AGENCY; CAPPING THE SALARY OF PUBLIC SERVANTS WHO WORK LESS THAN 50 WEEKS OF ACTUAL WORK PER YEAR AT $2,000 PER FULL WEEK ACTUALLY WORKED; LIMITING PERSONAL SERVICES CONTRACTS BY THE STATE AND ITS SUBDIVISIONS AT AN AGGREGATE OF $100,000 PER PERSON PER YEAR FROM COMBINED SALARY AND PERSONAL SERVICE CONTRACT INCOME; AUTHORIZING THE SALARY LIMITATIONS TO BE INCREASED OR DECREASED BY POPULAR VOTE AT REGULARLY SCHEDULED STATEWIDE ELECTIONS; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO LIMIT THE PAYMENT OF ADDITIONAL SALARY OR BENEFITS TO PUBLIC SERVANTS, OUT OF CONTRIBUTIONS FROM THE PUBLIC DESIGNATED FOR THE PURPOSE OF SALARY ENHANCEMENT (SUBJECT TO ETHICAL CONSTRAINTS), NOR TO PROHIBIT PUBLIC SERVANTS FROM EARNING EXTRA MONEY IN PRIVATE SECTOR EMPLOYMENT, OUTSIDE THE NORMAL WORKING HOURS OF SAID PUBLIC SERVANT; AUTHORIZING THE GENERAL ASSEMBLY TO MAKE REASONABLE LAWS GOVERNING THE PAYMENT OF EXTRA SALARY, OR PRIVATE WORK, TO THE EXTENT NECESSARY TO PROTECT THE INTERESTS OF STATE GOVERNMENT; DEFINING "FRINGE BENEFITS" AS ALL PUBLIC FUNDS PAID FOR RETIREMENT PLANS OR ACCOUNTS (WHETHER OR NOT MANDATED BY LAW), PAY FOR HOLIDAYS, VACATIONS, OR SICK LEAVE; AND ALL OTHER BENEFITS PROVIDED TO OR FOR THE BENEFIT OF THE PUBLIC SERVANT, CALCULATED AT THE REASONABLE COST OF PROVIDING THE BENEFIT, BUT EXCLUDING UNPAID LEAVE OR BENEFITS PROVIDED PRIMARILY FOR THE BENEFIT OF THE EMPLOYER; REQUIRING FRINGE BENEFITS TO BE PROVIDED "CAFETERIA STYLE" WITH ANY UNUSED FUNDS PAID OVER TO THE PUBLIC SERVANT IN CASH AT THE END OF THE YEAR; PROVIDING THAT FRINGE BENEFITS SHALL NOT COUNT TOWARD THE SALARY CAP ABOVE; REQUIRING ALL RETIREMENT ACCOUNTS OF PUBLIC SERVANTS WHO ELECT TO PARTICIPATE IN A RETIREMENT PLAN TO BE MAINTAINED ON AN ACTUARIALLY SOUND BASIS IN SEGREGATED ACCOUNTS MAINTAINED FOR THAT PURPOSE; PROHIBITING THE COMMINGLING OF PUBLIC SERVANT RETIREMENT FUNDS WITH OTHER GOVERNMENT FUNDS; PROTECTING THE RIGHTS OF PUBLIC SERVANTS HOLDING RIGHTS IN RETIREMENT PLANS; REQUIRING THE PASSAGE OF LAWS TO MANDATE THE FULL FUNDING OF PUBLIC SERVANT RETIREMENT ACCOUNTS; PRIVATIZING ALL RETIREMENT PLANS FOR STATE OR LOCAL PUBLIC SERVANTS HIRED AFTER JULY 1, 2001, SUCH PLANS TO BE HELD IN PRIVATELY MANAGED RETIREMENT ACCOUNTS CHOSEN BY THE EMPLOYEE FROM ANY LAWFULLY AUTHORIZED PROVIDER; GIVING PUBLIC SERVANTS HIRED BEFORE JULY 1, 2001, THE OPTION OF PARTICIPATING IN THEIR EXISTING PUBLIC RETIREMENT PLAN, OR TRANSFERRING THE VALUE OF THEIR RETIREMENT ACCOUNT TO A PRIVATELY MANAGED RETIREMENT SYSTEM; AUTHORIZING THE GENERAL ASSEMBLY TO DEFINE, BY GENERAL LAW, THE "VALUE" OF AFFECTED RETIREMENT PLANS TO BE TRANSFERRED; AUTHORIZING ANY RESIDENT OF ANY CITY, COUNTY, TOWN, OR THE STATE OF ARKANSAS, OR ANY PERSON PAYING ANY PART OF ANY TAX TO SUCH ENTITY, WHETHER DIRECTLY OR INDIRECTLY, TO MAINTAIN SUIT TO RECOVER BACK ANY ILLEGAL EXPENDITURES OF SUCH CITY, COUNTY, TOWN, OR THE STATE, AS THE CASE MAY BE; SETTING THE STATUTE OF LIMITATIONS ON ALL SUCH ACTIONS AT FIVE YEARS; EXPRESSLY INCLUDING THEFT BY PUBLIC SERVANTS AS CONSTITUTING AN ILLEGAL EXACTION; MAKING ALL PERSONS OR ENTITIES WHO RECEIVE UNLAWFUL FINANCIAL OR PERSONAL BENEFIT FROM AN ILLEGAL EXACTION JOINTLY AND SEVERALLY LIABLE FOR REPAYMENT OF THE PORTION MADE TO OR FOR THEIR BENEFIT WHERE TWO OR MORE PERSONS ACTED JOINTLY TO CAUSE THE ILLEGAL EXPENDITURE; ENTITLING THE ATTORNEY REPRESENTING THE TAXPAYERS IN SUCH CASES TO A REASONABLE ATTORNEY'S FEE, NOT LESS THAN 25% OF ANY COMMON FUND RECOVERED AND FURTHERMORE SUFFICIENT TO ENCOURAGE REPUTABLE ATTORNEYS TO TAKE SUCH CASES; ENTITLING THE NAMED PLAINTIFF(S) IN SUCH CASES TO 5% TOTAL OF ANY COMMON FUND RECOVERED; MAKING THE RULES HEREIN CONCERNING LAWSUITS AGAINST ILLEGAL EXPENDITURES EFFECTIVE IMMEDIATELY AND CONTROLLING IN ANY ACTION BROUGHT TO JUDGMENT AFTER THE PASSAGE OF THIS AMENDMENT; EXPANDING ARKANSAS CONSTITUTION ART. 16, § 3, WHICH CURRENTLY DISQUALIFIES ANY STATE OFFICER OR GENERAL ASSEMBLY MEMBER FROM OFFICE-HOLDING FOR FIVE YEARS IF THEY UNLAWFULLY USE OR MAKE A PROFIT FROM PUBLIC MONEYS, TO ALSO INCLUDE STATE EMPLOYEES AND LOCAL OFFICERS AND EMPLOYEES, AND TO DISQUALIFY ANY OF THE ABOVE PERSONS FROM PUBLICLY FUNDED OFFICE OR EMPLOYMENT FOR FIVE YEARS IF THEY "KNOWINGLY" MAKE UNLAWFUL USE OR PROFIT OF PUBLIC MONEY; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT SHALL NOT BE CONSTRUED OR ENFORCED SO AS TO VIOLATE THE U.S. CONSTITUTION ART. 1, § 10 PROHIBITION OF THE IMPAIRMENT OF THE OBLIGATION OF CONTRACTS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE JULY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
I find it pertinent to note the particular hazards attendant to the ballot title of a lengthy and complex proposal such as yours. The ballot title for such a measure must avoid both the danger of being too lengthy and the danger of having serious omissions. More specifically, the title cannot be so lengthy as to cause voters to violate the voting booth time limitations, yet it must not omit any of the proposed measure's important factors. For this reason, I must point out that with any proposed amendment of considerable length and complexity such as yours, the sponsor runs the risk of a challenge and of a finding by the court that the ballot title is unacceptable, either because it is too "complex, detailed, and lengthy," or because it has "serious omissions." See, e.g.,Page v. McCuen, 318 Ark. 342, 884 S.W.2d 951 (1994).
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure